NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0631n.06
Filed: July 28, 2005

No. 03-4653

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DOLORES TAPIA-MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | **ON PETITION FOR REVIEW OF AN** |
| v. | ) | **ORDER OF THE BOARD OF** |
| | ) | **IMMIGRATION APPEALS** |
| ALBERTO GONZALES, | ) | |
| | ) | |
| Respondent. | ) | |

Before: BOGGS, Chief Judge; GIBBONS, Circuit Judge; and QUIST, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** The Immigration and Naturalization Service ("INS") commenced removal proceedings against petitioner Dolores Tapia-Martinez in 1999, alleging that petitioner was an alien living in the United States without being admitted or paroled. Petitioner eventually conceded removal and sought cancellation of removal, but petitioner's counsel failed to file a timely application for cancellation of removal. An Immigration Judge ("IJ") denied petitioner's motion for leave to file a late application, and the Board of Immigration Appeals ("BIA") dismissed petitioner's appeal of the IJ's decision as untimely. An IJ then denied petitioner's motion to reopen or, in the alternative, to reconsider her case, for a variety of reasons.

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

The BIA affirmed this decision without opinion. Petitioner petitioned this court for review of the IJ's decision. For the reasons set out below, we deny the petition for review.

**I.**

Petitioner is a native and citizen of Mexico. Pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), the INS commenced removal proceedings against petitioner by filing a Notice to Appear in November 1999, alleging that petitioner was an alien living in the United States without being admitted or paroled. Petitioner appeared before an IJ on May 24, 2000, where she was informed that relief in the form of cancellation of removal might be available to her. At a hearing held before the IJ on August 9, 2000, petitioner, through her counsel, admitted the allegations in the Notice to Appear and conceded removability. Petitioner's lawyer also requested cancellation of removal for petitioner under 8 U.S.C. §1229b. The IJ directed that petitioner's application for cancellation of removal "must be filed no later than September 25, 2000." The IJ also scheduled a merits hearing for May 7, 2001, for adjudication of petitioner's application for cancellation of removal.

The record indicates that petitioner never filed an application for cancellation of removal. On March 29, 2001, the INS filed a motion to pretermit petitioner's application for cancellation of removal. On April 19, 2001, petitioner moved to allow substitution of new counsel Marisa Petrella for old counsel Valerie Yaeger and also moved to postpone the May 7 hearing. On April 23, 2001, petitioner filed an emergency motion requesting leave to file a late application for cancellation of removal, alleging that Yaeger had provided ineffective assistance of counsel by not submitting a timely application.

At the hearing on May 7, 2001, the IJ granted the INS's motion to pretermit, granted petitioner's motion to substitute counsel, and denied petitioner's motion for leave to file a late application. With regard to the latter motion, the IJ noted that petitioner's former counsel had been suspended from the practice of law,[1] but the IJ pointed out that petitioner's new counsel had failed to include any evidence or affidavits to support petitioner's motion for leave to file a late application. The IJ indicated that petitioner's counsel could file a motion to reopen petitioner's case, supported by proper evidence, based specifically on an argument that petitioner's previous counsel had been ineffective.

Petitioner then requested voluntary departure from the United States under 8 U.S.C. § 1229c, and she testified that she had the means to leave the United States and would do so if her request were granted. The IJ granted her voluntary departure, requiring her to leave on or before July 6, 2001. The IJ also notified petitioner that if she chose to appeal the IJ's decision, her appeal "must be filed . . . on or before June 6, 2001. If you do not file the appeal, it may be dismissed as untimely."

Petitioner chose to appeal the IJ's decision to the BIA but did not file a motion to reopen her case. On June 5, 2001, petitioner's counsel mailed the notice of appeal to the BIA via U.S. Postal Service Express Mail but failed to ensure it was sent via next-day delivery. Petitioner's appeal was

---

[1]There is documentation in the record showing that Yaeger was suspended for making false statements to clients involved in immigration matters as well as failing to file a client's documents in a timely manner in an immigration employment case.

not received by the BIA until June 7, 2001. For this reason, the BIA dismissed the appeal as untimely on August 8, 2002. *See* 8 C.F.R. §§ 1003.38(b)-(c).

Petitioner's counsel then moved the IJ to reopen and, in the alternative, to reconsider, petitioner's case. The motion was dated August 30, 2002, but it was not filed with the Immigration Court until September 3, 2002. Petitioner's counsel failed to pay the filing fees for the motions. The IJ denied the motions on September 10, 2002, noting that:

- the petitioner failed to include a fee receipt as required by 8 C.F.R. § 1003.23(b)(1)(ii);

- the motion to reconsider was filed more than thirty days after the entry of the May 7, 2001, order, which was the order petitioner wanted the court to reconsider;

- the petitioner was no longer eligible for cancellation of removal, since she had remained in the United States beyond the date set for her voluntary departure, *see* 8 U.S.C. § 1229c(d); and

- petitioner did not support her motion to reopen with a copy of the application for the relief requested, *see* 8 C.F.R. § 1003.23(b)(3).

On October 10, 2002, petitioner timely appealed the IJ's decision to the BIA. On November 28, 2003, the BIA affirmed the IJ's decision without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), thereby rendering the IJ's September 10, 2002, decision the final agency determination for purposes of judicial review. Petitioner then petitioned this court for review of the IJ's September 10, 2002, decision.

**II.**

When the BIA affirms the decision of an IJ without a separate opinion, this court directly reviews the IJ's decision. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). This court reviews an IJ's denial of a motion to reconsider or reopen a removal order for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Denko*, 351 F.3d at 723; *Gonzalez v. INS*, 996 F.2d 804, 808 (6th Cir. 1993). An abuse of discretion exists when the IJ or Board offers no "rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982). Questions of law involved in this case are reviewed *de novo*. *Ashki v. INS*, 233 F.3d 913, 917 (6th Cir. 2000).

## A.

The BIA did not abuse its discretion in denying petitioner's motion to reopen or, in the alternative, to reconsider. These alternative motions were properly denied, for the numerous reasons set out by the IJ. First, under 8 C.F.R. §§ 1003.23(b)(1)(ii) & 1003.31(b), a motion filed in Immigration Court must be accompanied by a fee receipt. Petitioner candidly admits in her brief that her counsel failed to pay the requisite filing fees. Second, though the IJ cited to the wrong regulation, the IJ correctly determined that petitioner's motion to reconsider was untimely. A motion to reconsider an IJ's decision must be filed within thirty days of the IJ's order becoming final. *See id*. § 1003.23(b)(1). As petitioner's counsel failed to file a timely appeal, the IJ's order became final on June 6, 2001, *see id*. § 1003.39, giving petitioner thirty days from that date to file a motion to reconsider. Third, petitioner did not support her motion to reopen with a copy of the application for the relief requested. *See id*. § 1003.23(b)(3).

Lastly, petitioner sought reopening or reconsideration of her case due to the ineffective assistance she received from her prior counsel and ensuing inability to apply for cancellation of removal. However, regardless of the merits of her ineffective assistance claim, petitioner did not comply with the voluntary departure order of May 7, 2001. Under 8 U.S.C. § 1229c(d), an alien who is permitted to depart voluntarily but fails to do so within the specified time period is ineligible for certain relief, including cancellation of removal, for ten years. Petitioner was specifically advised of these potential consequences at the May 7, 2001, hearing. Because she did not abide by the terms of the voluntary departure, she became ineligible for cancellation of removal, and thus even if the IJ had been inclined to allow the petitioner to file an application for cancellation of removal, the application would have been denied.

**B.**

In her brief, petitioner argues that she was denied due process by the IJ during her May 7, 2001, hearing, "because the Judge failed to consider Petitioner's claim that she had been subject to ineffective assistance of counsel." However, petitioner seems to confuse the IJ's September 10, 2002, decision, which she is appealing here, with the IJ's May 7, 2001, decision denying her motion to allow filing of a late application for cancellation of removal. The latter (prior) decision is not before this court. *See* 8 U.S.C. § 1252(a)(1) (noting that courts of appeals review final removal orders). Again, petitioner did not file a motion to reopen proceedings based on the ineffective assistance argument, even though she was given the chance to do so by the IJ at the May 7, 2001, hearing. *See also* 8 C.F.R. § 1003.31(c) ("The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application

- 6 -

or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived."). Moreover, petitioner never filed a motion to reconsider with the BIA challenging the finding that her June 7, 2001, appeal was untimely, even though the BIA explicitly stated in its August 2, 2002, decision that such an avenue of relief was open to her. Rather, she chose to move to reopen "based on the approval of cancellation of removal of her husband," and in the alternative, for reconsideration of the IJ's denial of her emergency request for late filing of an application for cancellation of removal. These motions were properly denied on September 10, 2002, for the reasons explained above.[2]

## C.

Petitioner also argues that the BIA should have submitted her case to a three-person panel pursuant to 8 C.F.R. § 1003.1(e)(6), which states that "[c]ases may only be assigned for review by a three-member panel if the case presents one of these circumstances:...(v) [t]he need to review a clearly erroneous factual determination by an immigration judge; or (vi) [t]he need to reverse the decision of an immigration judge."[3] Under 8 C.F.R. § 1003.1(e)(4), a single Board member can affirm a decision of an IJ without opinion if:

---

[2]At oral argument, counsel for respondent indicated that a potential avenue of relief for petitioner would be a joint motion by respondent and petitioner to the BIA to reopen petitioner's case due to ineffective assistance of counsel. *See* 8 C.F.R. § 1003.2(c)(3)(iii) (noting that the time and numerical limitations on motions to reopen do not apply to motions that are "[a]greed upon by all parties and jointly filed"); *see also Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988) (setting out guidelines for a motion to reopen or reconsider based upon a claim of ineffective assistance of counsel).

[3]Petitioner does not explicitly raise an argument that the streamlined affirmance-without-opinion procedure itself violates due process, but this court has squarely rejected such an argument. *See Denko*, 351 F.3d at 730.

the Board member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that

(A) The issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or

(B) The factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case.

Petitioner states only that the IJ's decision was "wrong and the errors in the decision are harmful and material to the Petitioner." She does not, however, support this statement with any legal authority, much less any elaboration of her argument. There is nothing to indicate that there were errors in the IJ's September 10 decision such that it was error for the BIA member to affirm without opinion and without referring the case to a three-member panel. Indeed, as explained above, the IJ's September 10 decision was a straightforward application of federal law and regulations governing immigration appeals.

**III.**

For the foregoing reasons, we deny Tapia-Martinez's petition for review.