NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0675n.06

**No. 09-3857**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| RAKE MARKU, | ) | **FILED**<br>**Nov 03, 2010**<br>LEONARD GREEN, Clerk |
|  | ) |  |
| Petitioner-Appellant, | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
|  | ) |  |
| ERIC H. HOLDER, JR., Attorney General of the<br>United States, | ) |  |
|  | ) |  |
|  | ) |  |
| Respondent-Appellee. | ) |  |
|  | ) |  |

BEFORE:  GUY and GRIFFIN, Circuit Judges; and BARZILAY, Judge.[*]

BARZILAY, Judge.  Appellant Rake Marku ("Marku"), an Albanian citizen, seeks review

of a final order of the Board of Immigration Appeals ("the Board") that denied her second motion

to reopen her *in absentia* removal proceedings.  Because Congress has foreclosed any petitioner from

filing a second motion to reopen under 8 U.S.C. § 1229a(c)(7)(A), we reverse the Board's order and

remand the case with instructions to dismiss for lack of subject matter jurisdiction.

**I.  Background**

**A.  Petitioner's Prior Immigration Proceedings**

Marku entered the United States through Laredo, Texas on May 4, 2000,  J.A. 9, and filed

an application for asylum on September 1, 2000.  Pet'r Br. 12; Resp't Br. 3.  The former Immigration

---

[*] The Honorable Judith M. Barzilay, Judge, United States Court of International Trade,
sitting by designation.

& Nationalization Service, now the Department of Homeland Security ("the Department"), denied her request and referred her matter to an immigration judge by issuing a Notice to Appear on October 10, 2000. J.A. 9.

Marku appeared before an immigration judge on November 1, 2000 and again on January 10, 2001. J.A. 10-13. On both occasions, the judge informed Petitioner "in the Albanian language of the date of the succeeding hearing, as well as[] the consequences of [her] failure to appear," namely that the immigration judge would enter an *in absentia* order of removal against her. J.A. 23; *see also* J.A. 10-13. The judge also provided Marku with notices at her address in Detroit, Michigan, which contained the dates of her next scheduled hearings and the consequences of her potential absence. J.A. 10-13. On February 21, 2001, Marku failed to appear at the scheduled hearing and the judge entered an *in absentia* order of removal against her. J.A. 17.

Marku sought to reopen her case on October 14, 2003, over two and a half years after the judge entered the removal order. J.A. 18-21. An affidavit accompanying Marku's motion explained that an "Albanian immigration organization" had told her that "she did not have to appear" at the February 21, 2001 hearing. J.A. 20-21. On October 23, 2003, an immigration judge denied her request to reopen. J.A. 23. Petitioner did not appeal this decision to the Board.

**B. Petitioner's Second Motion to Reopen**

On February 28, 2008, approximately seven years after the immigration judge entered the removal order against her, Marku filed a second motion to reopen her proceedings. J.A. 24-28. Petitioner relied solely on the "invalid advice" received from the Albanian immigration organization as the basis for the relief sought. J.A. 24. To support her claim, Marku noted that in November

2005 a federal grand jury had indicted her adviser from the organization, Donika Shehu, for conspiracy to commit asylum fraud, asylum fraud, and two counts of mail fraud, J.A. 34-40, and that in August 2007 Shehu pled guilty to the conspiracy and asylum fraud charges. J.A. 42. The immigration judge denied Marku's motion on the merits on April 23, 2008, J.A. 3-4, and the Board adopted and affirmed the lower judge's rationale and decision on June 16, 2009. J.A. 1-2.

## II. Discussion

In the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Congress codified certain temporal and numerical limitations on motions to reopen. § 1229a(c)(7). In the present case, the immigration judge and the Board overlooked Congress's jurisdictional instruction: a petitioner may file only one motion to reopen. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings under this section, except that this limitation shall not apply so as to prevent the filing of one motion to reopen described [for battered spouses, children, and parents]."); 8 C.F.R. § 1003.2(c)(2) ("[A] party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) . . . ."); *see also Tapia-Martinez v. Gonzales*, 482 F.3d 417, 420-22 & n.4 (6th Cir. 2007) (citing *Daniels v. United States*, 532 U.S. 374, 381 (2001)). With these words, Congress foreclosed the possibility of a second motion to reopen by Petitioner, and the immigration judge and the Board should have dismissed Marku's second motion for lack of subject matter jurisdiction accordingly.

## III. Conclusion

The court reverses the Board's order denying Marku's second motion to reopen her asylum proceedings and remands the case with instructions to dismiss her case for lack of subject matter jurisdiction.