NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0411n.06

No. 09-4287

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 24, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ABDUL BADIH DOUGHAN, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **ON PETITION** FOR REVIEW |
| v. | ) | OF A DECISION OF THE |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| **Respondent.** | ) | **OPINION** |

BEFORE: NORRIS, ROGERS, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Petitioner Abdul Badih Doughan, a Lebanese citizen, entered the United States without inspection in the 1990s. Although he concedes that he is a removable alien, he seeks adjustment of status under § 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i). In order to qualify for such an adjustment, an alien must show, among other things, that an application for a labor certification was filed on his behalf on or before April 30, 2001. An immigration judge concluded that, while such an application had been filed, it did not meet the requirements of the statute and its related regulations. The Board of Immigration Appeals ("Board") agreed and dismissed petitioner's appeal. Rather than seek review by this court, petitioner filed a motion with the Board asking it to either reconsider its prior decision or reopen the proceedings based on new evidence. That motion was denied; this appeal followed.

**I.**

On January 18, 2004, petitioner married Christina Collins, an American citizen.  On April 27 of the same year, petitioner was served with a Notice to Appear ("NTA"), which charged him with being a removable alien.

Petitioner appeared before an immigration judge on October 8, 2004, and, through counsel, conceded the charges contained in the NTA.  At that time, he informed the immigration judge that he was married to an American citizen and also had a "pending labor certification filed pursuant to 245(i)."  As mentioned above, petitioner sought an adjustment of status based upon this provision.

After several more hearings, another immigration judge ruled on the merits of his claim in an oral decision rendered on April 19, 2007.  Before we turn to that decision, a brief synopsis of § 245(i) of the INA and its related regulations is in order.  The section provides as follows:

**(i) Adjustment in status of certain aliens physically present in United States**

> (1) Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States--
>
> (A) who--
>
>> (i) entered the United States without inspection; or
>>
>> (ii) is within one of the classes enumerated in subsection (c) of this section;
>
> (B) who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title) of - -
>
>> (i) a petition for classification under section 1154 of this title that was filed with the Attorney General on or before April 30, 2001; or

> (ii) an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before such date; and

> (C) who, in the case of a beneficiary of a petition for classification, or an application for labor certification, described in subparagraph (B) that was filed after January 14, 1998, is physically present in the United States on December 21, 2000;

> may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1255(i). In this case, there is no question that petitioner is married to a United States citizen who is sponsoring him for adjustment of status. (He submitted evidence of an approved I-130 alien relative petition to the immigration judge.) The sole bone of contention is whether an "approvable" application for a labor certification was filed on his behalf on or before April 30, 2001. The contours of such an application are spelled out in accompanying regulations. *See* 8 C.F.R. § 1245.10. Briefly, a petitioner must show that "[a]n application for labor certification . . . was properly filed pursuant to the regulations of the Secretary of Labor on or before April 30, 2001, and which was *approvable when filed*." 8 C.F.R. § 1245.10(a)(1)(i)(B) (emphasis added). The regulations then further define the "approvable when filed" requirement as follows:

> Approvable when filed means that, as of the date of the filing of the . . . qualifying application for labor certification, the qualifying . . . application was properly filed, meritorious in fact, and non-frivolous ("frivolous" being defined herein as patently without substance). This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed. A visa petition that was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied, or revoked due to circumstances that have arisen after the time of filing, will preserve the alien beneficiary's grandfathered status if the alien is otherwise eligible to file an application for adjustment of status under section 245(i) of the Act.

8 C.F.R. § 1245.10(a)(3).

After reciting the prerequisites for a successful § 245(i) adjustment in status, the immigration judge turned to the merits of petitioner's claim. Petitioner had relied on an application for alien employment certification filed by his former employer, Silver Cab of P&G, Inc., a business based in Maryland where petitioner worked as a mechanic. The application was filed on April 26, 2001, four days before the expiration of the "grandfathering" provision of § 245(i). However, the Maryland Department of Labor, Licensing and Regulation returned the application on June 3, 2004 – over three years later – for correction because 1) the prevailing wage rate listed in the application was too low and 2) the address listed was incomplete. The State gave the petitioner forty-five days to correct the application, but this was never done. Based upon these circumstances, the immigration judge concluded that the petitioner "has failed to demonstrate that the application for labor certification was approvable when filed." (A.R. 153.) The immigration judge then provided the following elaboration:

> [T]he Maryland Department of Labor letter expressly stated that the Department of Labor could not process the respondent's application without the corrected and completed information. This information was the basis for the Department of Labor's rejection of the respondent's labor certification application. Since this Court must look at the circumstances that existed at the time the application was filed to determine whether it was approvable when filed, it is impossible that the respondent's application that was filed on April 26, 2001 could be considered approvable when filed as it was incomplete and did not contain accurate or correct information. . . .
>
> Moreover, the respondent failed to submit any evidence that he even complied with the Department of Labor's instructions to resubmit a corrected and complete labor certification application . . . .

(A.R. 153-54) (citation omitted). In addition, the immigration judge found that the three-year delay

by the Maryland Department of Labor "in and of itself is not sufficient evidence to demonstrate that

whenever they received it that the application was approvable when filed." (A.R. 155.)

Petitioner appealed to the Board, which affirmed the immigration judge and dismissed the

appeal:

> [T]he respondent failed to establish that he is eligible to adjust his status under
> section 245(i) of the Act. The evidence indicates that although the labor certification
> application was submitted on April 26, 2001, the MDLLR rejected the application
> because it contained inaccurate and incomplete information.

(A.R. 89-90) (citation omitted). Rather than appeal to this court, petitioner, represented by new

counsel, filed a motion with the Board asking it to reconsider or reopen its decision. In that motion,

petitioner argued that new counsel had located a second application for labor certification filed on

his behalf, this time in 1998 by an employer, Hiam Kasba, in Los Angeles. The only evidence in the

administrative record of this application is a letter from California's Health and Welfare Agency,

which acknowledged the receipt of the application for Alien Labor Certification and assigned it a

case number and a priority date of December 31, 1998. The letter also informed petitioner that the

agency was experiencing a "high volume of incoming cases" and recommended that he should

contact the agency after 26 weeks had elapsed for an update of the case. (A.R. 36.) According to

petitioner's sworn affidavit, "[d]ue to a move, the alien labor certification was not pursued. I was

never questioned on the record with respect to this alien labor certification at any of the Master

Calendar Hearings which I attended, nor did my previous counsel bring this to the attention of the

Immigration Judge or Board of Immigration Appeals because it fell between the cracks." (A.R. 33.)

In a decision dated September 22, 2009, the Board denied the motion to reopen or reconsider. After summarizing its prior decision, the Board rejected petitioner's contention that the California application entitled him to an adjustment in status:

> [R]espondent has submitted a letter of acknowledgment, date[d] January 4, 1999, from the California Health and Welfare Agency, indicating that it received an alien labor certification application for the respondent bearing a priority date of December 31, 1998. The respondent states that the evidence of his second labor certification application "unwittingly slipped through the cracks, and was never raised by his previous counsel in removal proceedings before the Immigration Judge." Although the respondent thereafter offers arguments as to how such evidence might have been overlooked, we find that he has not adequately explained why the letter of acknowledgment could not have been discovered and presented during his removal hearings.
>
> Even if we were now to accept the letter of acknowledgment, we would not be able to determine whether the labor certification application was "approvable when filed." The respondent has not offered any other evidence pertaining to that application in support of this motion. Based on the letter of acknowledgment alone, it cannot be determined whether the application was "meritorious in fact" and "nonfrivolous." *See* 8 C.F.R. § 1245.10(a)(3).

(A.R. 3-4) (citation omitted). In the wake of this decision, petitioner appealed to this court.

**II.**

Petitioner raises two issues. First, that the Board erred when it denied his motion to reopen based upon new evidence. Second, that the Board erred when it failed to grant his motion for reconsideration. We examine each of these assignments of error in turn.

*1. Motion to Reopen*

The Board approaches motions to reopen in the following manner:

> A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. . . . A motion to reopen proceedings shall not be granted

> unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing. . . .

8 C.F.R. § 1003.2(c)(1). The Board's denial of a motion to reopen is reviewed for an abuse of discretion. *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 421 (6th Cir. 2007). This standard permits reversal only if the agency's action was "arbitrary, irrational or contrary to law." *Daneshvar v. Ashcroft*, 355 F.3d 615, 626 (6th Cir. 2004).

Petitioner contends that the "new evidence" of the California labor certification application establishes that he is eligible for discretionary relief in the form of a § 245(i) adjustment in status. The only impediment to adjustment in status is the lack of a qualifying labor certification application. He maintains that the letter from the State of California establishes that his application was "approvable when filed" because it was "properly filed, meritorious in fact, and non-frivolous." 8 C.F.R. § 245.10(a)(3).

Turning to the problem recognized by the Board – the fact that the California application could have been discovered earlier – petitioner relies upon his affidavit to explain why it was not produced: he moved, he was never asked about it, former counsel did not know of it, and it "fell between the cracks."

We have sympathy for the petitioner's situation. He appears to have led a productive life since his arrival, is married to an American citizen, and attempted to obtain a labor certification on two occasions. However, there is nothing in the record to undermine the Board's conclusion that

the California application could have been discovered and presented earlier in the proceedings. In addition, the letter from the State of California, which is the only proof of this California application in the administrative record relating to the labor certification, does not establish that the labor certification application was "approvable when filed." All the letter confirms is that an application was submitted, nothing more. In short, the Board provided a rational explanation for its decision. *See Allabani v. Gonzales*, 402 F.3d 668, 675-76 (6th Cir. 2005) (holding that a rational explanation by the Board coupled with counsel's failure to submit available evidence into the record is enough to support the denial of a motion to reopen).

### 2. The Motion to Reconsider

Petitioner's motion to reopen and reconsider asked the Board to remand his case so that the immigration judge could, among other things, "delv[e] into whether records exist with the State of Maryland SESA [State Employment Service Agency] office verifying the April 26, 2001 filing of the second alien labor certification, for Silver Cab Company of P&G, Inc. with the Maryland State Department of Labor in a timely manner, . . . in order to determine whether it meets the evidentiary burden of the respondent proving the statutory requirement of an 'approvable when filed' alien labor certification." (A.R. 30) (motion to reopen and reconsider). In denying his motion, the Board construed it as a motion only to reopen, not for reconsideration: "We find . . . that the instant motion is in the nature of a motion to reopen." (A.R. 3) In its conclusion, the Board's order reads, "The motion to reopen is denied." (A.R. 4.)

Petitioner reargues that his Maryland application met the "approvable when filed" requirements. He refers us to an interoffice memorandum from the United States Citizenship and

Immigration Services ("USCIS"), which purports to clarify eligibility requirements for a § 245(i)

adjustment in status. Specifically, he cites the following paragraph from the memorandum:

> "Approvable when filed" for a qualifying application for labor certification
> means that, as of the date of the filing of the application for labor certification, the
> application was properly filed, meritorious in fact, and non-frivolous ("frivolous
> meaning patently without substance). Absent evidence of fraud, when a qualifying
> application for labor certification (Form ETA-750) is properly filed and accepted by
> the United States Department of Labor . . . , USCIS will consider the requirements
> of 8 C.F.R. 245.10 related to "properly filed" and "approvable when filed" to have
> been met for grandfathering purposes under section 245(i).

(A.R. 251.) Petitioner notes that his Maryland application includes a hand-written acknowledgment

of receipt. In his view, the fact that the State required certain additional information and corrections

does not make his application any less "approvable." Had he made those corrections, they would

have been retroactive to April 26, 2001, the date when he submitted his application. Petitioner

concludes by asking us to remand the matter to the Board so that it can rule on his motion to

reconsider.

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact

or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. §

1003.2(b)(1). Petitioner made precisely the same arguments in his motion to reconsider – that his

Maryland application was approvable when filed – when he appealed to the Board for the first time.

The Board rejected those arguments. Any error committed by the Board in failing to consider his

motion to reconsider his Maryland application is harmless because the Board ruled on that

application in its prior decision and petitioner simply reiterated these previously rejected arguments

in his motion to reconsider. Specifically, he asked the Board to remand so that the immigration

judge could delve into whether records existed with the State of Maryland SESA Office to verify the April 26, 2001, filing. However, as he concedes, the evidence indicates that no follow-up was done regarding that labor certification due to various factors, such as the attorney's moving, and the long delay in the response time. Petitioner may have been ill-served by his past attorneys who failed to make certain that an "approvable" labor certification application was submitted on his behalf. That said, the Board logically concluded that because the State of Maryland sent petitioner's application back to him for further information, it was not "approvable when filed." Because the Board addressed the issue in its first order, its failure to revisit the argument in its second order is harmless.

**III.**

The petition for review is **denied.**