NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0381n.06

No. 13-3447

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

May 21, 2014

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| XIU DENG ZHAO, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

BEFORE:  BOGGS and CLAY, Circuit Judges; COHN, District Judge.[*]

PER CURIAM.  Petitioner Xiu Deng Zhao, a native and citizen of China, petitions this

court for review of an order of the Board of Immigration Appeals ("BIA") denying as untimely

her motion to reopen her removal proceedings.

Zhao illegally entered the United States in 1998 and subsequently sought asylum on the

basis of China's family-planning policy.  The Department of Homeland Security commenced

removal proceedings against Zhao in 2005.  After a hearing, an immigration judge ("IJ") denied

Zhao's application for asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT") and ordered her removal to China.  The IJ determined that Zhao's

testimony, although internally consistent and consistent with her application, was insufficient to

satisfy her burden of proof in the absence of reasonably available corroborative evidence, such as

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of
Michigan, sitting by designation.

testimony or affidavits from her husband, who allegedly was unable to take time off from work, and her mother, who allegedly was outside the courtroom. The IJ further found that Zhao (1) failed to demonstrate a well-founded fear of persecution in China based on her having given birth to a second child born in the United States, (2) failed to meet the higher standard for withholding of removal, and (3) failed to present any evidence that it is more likely than not that she would be tortured if removed to China. Dismissing Zhao's appeal, the BIA affirmed the IJ's decision. This court denied Zhao's petition for review because the BIA's decision was supported by substantial evidence. *Zhao v. Holder*, No. 09-4196 (6th Cir. June 16, 2010).

On December 26, 2012, over two years after this court denied the petition for review, Zhao moved the BIA to reopen her removal proceedings on the basis of ineffective assistance of counsel. According to Zhao, her former counsel's failure to instruct her regarding the importance of presenting corroborative evidence, such as the testimony or affidavits of her husband and mother, "doomed" her asylum application because the IJ denied relief based on her failure to produce corroboration. Zhao requested equitable tolling of the 90-day limitations period for motions to reopen. The BIA denied the motion to reopen as untimely, concluding that equitable tolling was not warranted because Zhao failed to establish due diligence in pursuing her claim.

We review the denial of a motion to reopen for abuse of discretion. *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 421 (6th Cir. 2007). "An abuse of discretion occurs when the denial to reopen was made without a rational explanation, inexplicably departed from established policies, or rested on an invidious discrimination against a particular group." *Id.* (internal quotation marks omitted). Because the BIA has broad discretion to grant or deny a motion to reopen, a party who

seeks reopening "bears a heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (internal quotation marks omitted).

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see* 8 C.F.R. § 1003.2(c)(2). The 90-day deadline for filing a motion to reopen may be equitably tolled when an alien "received ineffective assistance of counsel and was prejudiced thereby." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). A petitioner seeking equitable tolling "to resuscitate a time-barred immigration appeal" must, "at a minimum," establish due diligence. *Id.* at 620 (internal quotation marks and brackets omitted). "Due diligence requires an alien to prove that the delay in filing the motion to reopen was due to an exceptional circumstance beyond his control." *Tapia-Martinez*, 482 F.3d at 423 (internal quotation marks omitted).

In determining that Zhao failed to establish due diligence, the BIA pointed out that Zhao was aware that the IJ expected corroborative evidence at the time of the merits hearing on December 14, 2007, but that Zhao did not assert ineffective assistance of counsel until she moved for reopening five years later. Conceding that she knew about her application's evidentiary problems by December 14, 2007, Zhao contends that the IJ's statements made her believe that those problems were her fault and not the fault of her attorney. Zhao fails to allege when she became aware that her attorney was purportedly at fault for not advising her to produce corroborative evidence. Zhao also argues that her decision to appeal her case to the BIA and then petition this court for review shows her diligence. After the BIA dismissed her appeal, Zhao could not locate her attorney and obtained new counsel to petition this court for review. Even with new counsel, however, Zhao did not claim ineffective assistance before this court. Zhao provides no explanation, let alone an exceptional circumstance beyond her control, for her

more than two-year delay in moving to reopen after she obtained new counsel and this court denied her petition for review. The BIA did not abuse its discretion in declining to equitably toll the limitations period because of Zhao's failure to establish due diligence.

Accordingly, we DENY Zhao's petition for review.