NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0396n.06

Case No. 19-3476

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Aug 23, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BUN CCHAY CHEAT, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| MERRICK B. GARLAND, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

O R D E R

**BEFORE: CLAY and GRIFFIN, Circuit Judges.**[*]

This case is before us on remand from the United States Supreme Court for further consideration in light of the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). On September 18, 2018, Petitioner Bun Cchay Cheat filed a motion to reopen removal proceedings based on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), arguing that his Notice to Appear ("NTA") for his removal hearing was defective because it did not include the date or time of the hearing, making the stop-time rule inapplicable. *See* 8 U.S.C. § 1229b(d)(1) ("[A]ny period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the [noncitizen] is served a notice to appear under

---

[*]The Honorable Gilbert S. Merritt, Circuit Judge was initially a member of this panel, but he has since assumed inactive senior status and did not participate in this decision. This decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 43(d).

section 1229(a) of this title . . . ."). As a result, Cheat contended that he was eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1) (allowing cancellation of removal for noncitizens who have "been physically present in the United States for a continuous period of not less than ten years immediately preceding the date of such application").

We denied Cheat's petition for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings, on the ground that his defective NTA was cured when the subsequent Notice of Hearing included the date and time he was required to appear before the immigration judge and triggered the stop-time rule, pursuant to our decision in *Garcia-Romo v. Barr*, 940 F.3d 192 (6th Cir. 2019). However, in *Niz-Chavez*, 141 S. Ct. 1474, the Supreme Court held that a NTA must contain all the information required under 8 U.S.C. § 1229(a) in a single document in order to trigger the stop-time rule, overruling *Garcia-Romo*. In the present case, because the NTA did not include the date or time of Cheat's removal hearing, the stop-time rule did not apply, and the BIA and this Court erred in denying Cheat's motion to reopen removal proceedings and petition for review, respectively, on that ground.

Unlike in *Niz-Chavez*, the BIA in this case also found that the motion to reopen was time and number-barred, given that Cheat had failed to file the motion to reopen within 90 days of the BIA's order affirming the IJ's denial of his first motion to reopen removal proceedings and that he was only allowed to file one motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, the BIA did not consider Cheat's argument that equitable tolling should apply to his untimely and number-barred second motion to reopen removal proceedings. *See Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008) (noting that this Court has previously "applied the doctrine of equitable tolling to otherwise time-barred motions to reopen"); *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422–23 (6th Cir. 2007) (refraining from resolving the open question in our circuit of whether

"equitable tolling applies to numeral limitations on motions to reopen"). We leave it to the BIA to decide on remand whether equitable tolling of the time and number bars to Cheat's second motion to reopen removal proceedings is warranted.

Accordingly, we **VACATE** the BIA's denial of Cheat's motion to reopen removal proceedings and **REMAND** the case for further proceedings consistent with the judgment of the Supreme Court dated May 3, 2021.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk
