**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0341n.06
Filed: May 15, 2007

**No. 06-3421**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SYRJA MUHAMETI and VASILIQI MUHAMETI, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION |
| ALBERTO GONZALES, Attorney General of the United States, | ) ) ) | APPEALS |
| Respondent. | ) ) ) ) | |

**Before: SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges**

ROGERS, Circuit Judge. Syrja and Vasiliqi Muhameti, two Albanian citizens, petition this court to review of the Board of Immigration Appeals' denial of their untimely motion to reopen, which was based on claims of ineffective assistance of counsel. Because the BIA did not abuse its discretion when it denied the Muhametis' motion to reopen, we deny the petition for review.

On February 22, 2001, an immigration judge (IJ) denied the Muhametis' asylum applications following a hearing on the merits. The BIA dismissed the Muhametis' appeal on December 4, 2002. The Muhametis did not file a timely motion to reopen with the BIA or a timely petition for review

of the BIA's decision in this court.  The Muhametis were represented before the IJ and the BIA by Patrick Salley, whose law license has since been revoked by the State of Michigan.

On December 12, 2005, the Muhametis filed a motion to reopen with the BIA, alleging ineffective assistance of counsel because Salley failed to file a petition for review with this court following the BIA's dismissal of their appeal.  According to the motion to reopen, Salley's failure to file a petition for review resulted in a lost opportunity to seek review from this court and a lost opportunity to adjust their status based on I-130 Alien Relative Petitions, filed by the Muhametis' son, which were approved by the Department of Homeland Security in June of 2003.

The BIA denied the Muhameti's untimely motion to reopen, concluding that the 90-day deadline for filing a motion to reopen was not subject to equitable tolling because the Muhametis failed to act with due diligence.  The BIA noted that the Michigan Attorney Discipline Board report concerning Salley's representation of the Muhametis was dated May 27, 2005, but that it took another seven months from the date of the report before the Muhametis filed their motion to reopen. The BIA also concluded that the Muhametis did not establish that prior counsel's failure to file a petition for review prejudiced them, pointing out that the Muhametis did not argue in their motion to reopen that the prior decisions of the IJ or the BIA were erroneous.

The Muhametis filed a timely petition for review with this court.

This court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006).  When "determining whether the [BIA] abused its

discretion, this Court must decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (citation omitted). Generally, motions to reopen, especially in immigration proceedings, are disfavored, and the BIA has broad discretion to deny such motions. *INS v. Doherty*, 502 U.S. 314, 323 (1992). Legal aspects of claims of ineffective assistance of counsel in deportation proceedings are reviewed de novo. *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001).

Because the Muhametis have failed to establish that they acted with due diligence in filing their motion to reopen, the BIA did not abuse its discretion in refusing to accord equitable tolling to the 90-day filing deadline or in denying the motion. The Muhametis state in their brief that they did not learn of the BIA's denial of their appeal until July 6, 2003, long after the 30-day deadline for filing a petition for review and the 90-day deadline for filing a motion to reopen. Despite this fact, the Muhametis claim that it did not become clear that they needed new counsel until October of 2003. After obtaining new counsel, the Muhametis sought relief in this court on February 12, 2004, but this court, on April 30, 2004, denied their motion to file an untimely petition for review. *See Muhameti v. Ashcroft*, No. 04-3188. The Muhametis did not file a grievance against Salley until February 1, 2005,[1] and did not file their motion to reopen with the BIA until December 12, 2005.

---

[1]Although the Muhametis' brief states that the Michigan Attorney Grievance Commission acknowledged the grievance filed against Salley on December 4, 2003, there is no support in the record for this contention and the decision of the Attorney Discipline Board states that the formal complaint against Salley was filed on February 1, 2005.

Based on the record, the Muhametis appear to have been aware of Salley's failures in early 2004 at the latest and they had secured new counsel by that point. The BIA was quite generous when it set the date from which the Muhametis should have acted with diligence as May 27, 2005, the date of the Michigan Attorney Discipline Board's decision. Using the BIA's timeline, there is a gap of almost seven months—between the May 27 report and the December 12 motion to reopen—that the Muhametis have not attempted to explain. Although the Muhametis assert that "they did not have the money, knowledge or ability to pursue their claim until securing the assistance of the [Detroit Mercy] Law School," and that they have diligently pursued their claim, there is no explanation provided for the gap between securing new counsel, which had apparently been accomplished by February of 2004, and the filing of the motion to reopen. On the record before the panel, the BIA did not abuse its discretion in concluding that the Muhametis failed to act with the requisite diligence.[2]

In any event, the Muhametis have not established that prior counsel's failure to file a petition for review in this court resulted in prejudice.[3] The Muhametis assert that they have established the

_____

[2]Although the Muhametis appear to support their argument that they acted with due diligence by pointing to the unsuccessful attempt to have this court allow an untimely petition for review, the filing in this court does not lead to the conclusion that they acted with due diligence. Even assuming that an unsuccessful attempt to secure relief in this court supports a conclusion that one acted with due diligence, this court issued its order denying relief on April 30, 2004, and yet the motion to reopen was not filed until December of 2005. There is no explanation for this significant time gap between the order of this court and the filing of the motion to reopen.

[3]The parties do not address the Muhametis' compliance with the requirements of *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *Lozada*'s requirements for a motion to reopen based on claims of ineffective assistance of counsel are: (1) that a motion to reopen based on ineffective

requisite prejudice because, had Salley filed a timely petition for review with this court, they would have received additional review of their asylum claim and they would have been eligible for relief because of their approved I-130s.

Although the Muhametis point out that they lost an opportunity for review of their claims in this court when Salley failed to file a petition for review, the loss of a right to appeal, standing alone, does not constitute prejudice. *See Ljucovic v. Gonzales*, 144 Fed. Appx. 500, 504-05 (6th Cir. 2005) ("[T]he loss of a right to appeal the BIA's decision to this court . . . do[es] not constitute prejudice under this circuit's law.") (citing *Huicochea-Gomez v. INS*, 237 F.3d 696, 699-700 (6th Cir. 2001)). The Muhametis must establish that but for Salley's failure to file a petition for review, they would be entitled to remain in the United States. *Huicochea-Gomez*, 237 F.3d at 699-700. The Muhametis' motion to reopen did not claim that the IJ or the BIA erred in any way in the original proceedings and they have not shown that a timely petition for review with this court would have been successful. In light of the Muhametis' failure to argue that an appeal would have been successful, the BIA did not abuse its discretion in concluding that the Muhametis failed to establish the requisite prejudice.

The Muhametis' attempt to establish prejudice based on the approval of their I-130 visa petitions likewise fails because there is no connection between the failure to file a petition for review and the later approval of their visa petitions. As pointed out by the BIA, the I-130 petitions were not

---

assistance of counsel be supported by an affidavit detailing counsel's failings; (2) that counsel be informed of the allegations; and (3) that the motion shows that disciplinary charges have been filed with the appropriate authority. 19 I. & N. Dec. at 639; *Sako*, 434 F.3d at 863. The Government does not argue that the Muhametis have failed to comply with the procedural requirements of *Lozada*.

approved until June 18, 2003, five months after a petition for review should have been filed with this court. The approved visa petitions would not have been in the administrative record reviewed by this court had a petition for review been filed and thus would not have provided a basis for this court to reverse the decision of the BIA. *See* 8 U.S.C. § 1252(b)(4)(A) (stating that the court of appeals the "shall decide the petition only on the administrative record on which the order of removal is based"). The Muhametis have simply failed to establish any connection between Salley's failure to file a petition for review and the Muhameti's visa petitions.

For the foregoing reasons, we deny the petition for review.