NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0079n.06
Filed: January 30, 2009

No. 08-3425

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| SANSAN DEWI CHANDRA TJONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE BOARD OF |
| ) | IMMIGRATION APPEALS |
| MICHAEL B. MUKASEY, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| ) | |

Before: GIBBONS and McKEAGUE, Circuit Judges; SHADUR, District Judge.*

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner Sansan Dewi Chandra Tjong appeals

the decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen. Tjong, a

native and citizen of Indonesia, applied for asylum based on alleged persecution on account of her

religion and ethnicity. Her petition was denied by the Immigration Judge ("IJ") and by the BIA.

Tjong then filed a motion to reopen, arguing that her former counsel was ineffective for failing to

inform her of the BIA's adverse decision on her appeal, which caused her to lose her right to appeal

to this court. The BIA denied the motion, finding that Tjong had not complied with procedural

requirements for an ineffectiveness claim and that she had not demonstrated prejudice. Because we

agree, we affirm the denial of Tjong's motion to reopen.

---

*The Honorable Milton I. Shadur, United States District Judge for the Northern District of
Illinois, sitting by designation.

I.

Tjong first came to the United States from her native Indonesia in 1997 on a student visa. She graduated from the University of Central Arkansas and remained lawfully in the United States to pursue optional practical training until February 15, 2003. Tjong filed an application for asylum, withholding of removal, and protection under the Convention Against Torture in October 2004, approximately one and one half years after her lawful status expired. The basis for Tjong's asylum claim was her contention that she was persecuted by Muslim Indonesians because she is Buddhist and ethnically Chinese. In support of this claim, Tjong recounted that while attending middle school, native Indonesians taunted her and touched her inappropriately. Tjong further stated that she had been attacked in high school when a group of people threw stones at her. She also recalled that in 1997 native Indonesians spread nails on the road on which she was driving, causing her to suffer a flat tire, and then stole the contents of her car. Finally, Tjong reported that in 2000 she was riding in a taxicab when protesters knocked on the cab windows, frightening her.

Tjong, represented by T. Darnell Flowers, appeared before an IJ. Although the IJ found Tjong to be credible, he denied her application for asylum, finding that it was untimely because it was filed more than one year after Tjong entered the United States. Alternatively, the IJ found that Tjong was not eligible for asylum because she had not established a well-founded fear of persecution. He further determined that Tjong's asylum application was in essence a request for withholding of removal, but that Tjong was not eligible for withholding, nor was she entitled to protection under the Convention Against Torture. The IJ concluded that the incidents described by Tjong amounted to ordinary crime, not evidence of persecution.

Tjong appealed the decision of the IJ to the BIA. The BIA affirmed the decision of the IJ, agreeing that Tjong's asylum application was untimely. A final order for voluntary departure was issued on May 31, 2007.

On September 24, 2007, Tjong filed a motion to reopen her application for asylum. Tjong claimed that Flowers provided ineffective assistance of counsel because Flowers never informed her of the BIA's decision denying her appeal. According to Tjong, she did not learn of the BIA's adverse decision until August 2007, well after the thirty-day period to appeal to this court had expired. Tjong argued that she was prejudiced by Flowers's error because it prevented her from filing a timely appeal in this court. The BIA denied the motion to reopen, finding that Tjong had not complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) and that she had not established prejudice. Tjong timely appealed the denial of her motion to reopen.

II.

We generally review the BIA's denial of a motion to reopen for abuse of discretion. *INS v. Abudu*, 485 U.S. 94, 107 (1988); *Fang Huang v. Mukasey*, 523 F.3d 640, 654 (6th Cir. 2008). However, an alien's claim of ineffective assistance of counsel is reviewed *de novo*. *Allabani v. Gonzales*, 402 F.3d 668, 676 (2005) (citing *INS v. Doherty*, 502 U.S. 314, 321-22 (1994)).

III.

Aliens in removal proceedings are entitled to due process of law guaranteed them by the Fifth Amendment to the United States Constitution.[1] *Sako v. Gonzales*, 434 F.3d 857, 859 (6th Cir. 2006); *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). "Ineffective assistance of counsel violates an alien's due process rights." *Hamid v. Ashcroft*, 336 F.3d 465, 468 (6th Cir. 2003). To establish a due process violation because of ineffective assistance of counsel, an alien must first comply with the procedural requirements set forth in *Lozada*. *Lazar v. Gonzales*, 500 F.3d 469, 476 (6th Cir. 2007). Second, the alien must show that counsel's ineffective assistance "prejudiced him or denied him fundamental fairness." *Sako*, 434 F.3d at 859.

A.

Under *Lozada*, an alien who claims ineffective assistance of counsel is required:

(1) to file an affidavit stating his agreement with former counsel with respect to the actions to be taken on appeal and what counsel did [or] did not represent to the alien in this regard; (2) to show that former counsel was informed of the allegations and was given an opportunity to respond; and (3) to state whether a complaint has been filed with appropriate disciplinary authorities regarding the allegedly ineffective representation.

*Sswajje v. Ashcroft*, 350 F.3d 528, 533 (6th Cir. 2003) (citing *Lozada*, 19 I. & N. Dec. at 639).

---

[1]The government's argument that "no Fifth Amendment due process right to effective assistance of counsel exists in immigration proceedings" has been soundly rejected by this court. *Al Roumy v. Mukasey*, 290 F. App'x 856, 862 n.3 (6th Cir. 2008) (collecting cases). Although the Attorney General's recent decision to the contrary has invited us to reconsider the question, *see Matter of Compean*, 24 I. & N. Dec. 710, 730 n.8 (AG 2009), that decision is not retroactive. We therefore decline to do so here.

Here, Tjong submitted the following proof on her obligations under *Lozada*: (1) a letter to Flowers dated August 28, 2007, stating that she had not received a letter from him indicating that her BIA appeal was denied and requesting the return of her file; (2) a certified mail receipt dated August 28, 2007; (3) a personal money order for $20.00 payable to Flowers, presumably to cover the cost of returning the file; (4) a letter dated September 15, 2007, to the State Bar of Tennessee, indicating that Tjong wanted to file a complaint against Flowers; (5) an affidavit stating that Tjong called Flowers repeatedly but ceased, on the assumption that he would contact her if the BIA took any action on her case, after Flowers threatened to charge her a consultation fee; and (6) a letter to the BIA dated September 14, 2007, to the same effect as the affidavit.

Tjong fails the first prong of *Lozada* because she never filed an affidavit stating her agreement with Flowers regarding the actions to be taken on appeal and what Flowers did or did not represent to her about the same. *See Hamid*, 336 F.3d at 468. Additionally, Tjong fails the second prong of *Lozada* because she cannot show that she informed Flowers about the allegations or gave him an opportunity to respond. The only proof on this point was the August 28 letter to Flowers, which reads in relevant part:

> I would like to have all my files mailed to me as soon as possible. My A number is A# 098-701-923. I renewed my working permit one month ago, and found out that my case has been denied since 5/31/07. I have not received any letters from you stating that my case has been denied.

The letter does not inform Flowers of Tjong's intent to file a disciplinary complaint against him for ineffective assistance. To the contrary, the letter concludes "Thank you for your help all this time." Therefore, the letter cannot be said to inform Flowers of the allegations against him. Because Tjong

5

failed to comply with *Lozada*, she forfeited her ineffectiveness claim. *See Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007) ("An alien who fails to comply with *Lozada*'s requirements forfeits her ineffective-assistance-of-counsel claim.") (citing *Hamid*, 336 F.3d at 469); *Nikollbibaj v. Gonzales*, 232 F. App'x 546, 555 (6th Cir. 2007) (same); *see, e.g.*, *Sswajje*, 350 F.3d at 533 (refusing to consider ineffectiveness claim where alien did not comply with *Lozada*).

B.

Even if Tjong had complied with *Lozada*, she would still have to show prejudice or a denial of fundamental fairness to establish a due process violation. Prejudice means that, but for counsel's ineffective assistance, the result of the proceedings would have been different. *See Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005). Loss of Tjong's right to appeal does not, without more, establish prejudice. *Sako*, 434 F.3d at 865; *see, e.g.*, *Muhameti v. Gonzales*, 230 F. App'x 551, 553-54 (6th Cir. 2007) (citing *Ljucovic v. Gonzales*, 144 F. App'x 500, 504-05 (6th Cir. 2005)). Rather, Tjong must show that she "would have been entitled to continue residing in the United States." *Denko v. INS*, 351 F.3d 717, 724 (6th Cir. 2003) (quoting *Huicochea-Gomez*, 237 F.3d at 699).

Tjong argues that she suffered prejudice because "her right to appeal was jeopardized" by Flowers's failure to notify her of the BIA's decision. As indicated above, however, "loss of a right to appeal alone" is not sufficient to establish prejudice. *Muhameti*, 230 F. App'x at 553-54; *Ljucovic*, 144 F. App'x at 504-05. Tjong has not provided any reason, such as new evidence or discrimination on the part of the IJ or BIA, to question the denial of her petition on the merits. *See Sako*, 434 F.3d at 865-66. Therefore, she has not shown–or even argued–that she would have been entitled to remain in the United States, as required to establish prejudice.

6

Fundamental unfairness means that the removal proceedings were so deficient "such as might have led to a denial of justice." *Ndrecaj v. Mukasey*, 522 F.3d 667, 673 (6th Cir. 2008) (quoting *Huicochea-Gomez*, 237 F.3d at 699). In an ineffective assistance case, prejudice and fundamental fairness are "analogous." *Sako*, 434 F.3d at 863-64. Consequently, for the same reasons Tjong failed to establish prejudice, she also failed to establish fundamental unfairness that would violate due process.

## C.

Finally, Tjong argues that she is entitled to equitable tolling. Equitable tolling may allow a petitioner to file an otherwise untimely motion to reopen with the BIA when the delay is caused by counsel's ineffective assistance. *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008); *Harchenko v. INS*, 379 F.3d 405, 409-10 (6th Cir. 2004). In this case, however, the BIA *accepted* Tjong's untimely motion to reopen, but it dismissed the motion on the merits. The untimeliness of the motion, therefore, played no role in the BIA's decision to dismiss it. Tjong's argument that equitable tolling should apply in these circumstances is without consequence.

## IV.

For the foregoing reasons, we affirm the denial of Tjong's motion to reopen.