**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0337n.06
Filed: May 15, 2009

**No. 08-3470**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AMADU WURIE BARRIE, | ) | |
|     Petitioner, | ) | |
| | ) | **PETITION FOR REVIEW FROM AN** |
| v | ) | **ORDER OF THE BOARD OF** |
| | ) | **IMMIGRATION APPEALS** |
| | ) | |
| ERIC H. HOLDER, JR., ATTORNEY | ) | |
| GENERAL, | ) | |
|     Respondent. | ) | |
| | ) | |

Before: CLAY and GIBBONS, Circuit Judges; and GREER, District Judge.[*]

**GREER, District Judge**. Amadu Wurie Barrie ("Barrie") seeks review of a December 18, 2007 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings and to reissue its prior decision denying his asylum application to enable him to file a timely petition for review. Barrie also seeks review of an August 12, 2005 decision of the BIA which denied his application for political asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). For the reasons which follow, we DISMISS the appeal of the August 12, 2005 decision because we lack jurisdiction to review the BIA decision, and we DENY the petition for review of the December 18, 2007 BIA decision.

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Barrie is a native and citizen of Sierra Leone who entered the United States on March 6, 2001. On July 20, 2001, Barrie applied for political asylum, withholding of removal, and protection under the CAT. On November 30, 2001, Barrie was served with a Notice to Appear which charged him with being subject to removal from the United States pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). Barrie appeared with counsel before an immigration judge on October 1, 2002, for an evidentiary hearing. The immigration judge granted the application for asylum and found that Barrie had suffered persecution on account of his ethnic group. Barrie's applications for withholding of removal and protection under the CAT were denied.

The Department of Homeland Security ("DHS") subsequently moved to reopen the proceedings after it received a previously unavailable forensic report indicating that Barrie's identity documents were fraudulent. The DHS motion was granted and another hearing was held on February 23, 2004. The immigration judge heard testimony from the forensic document examiner and from Barrie and the hearing was scheduled to reconvene on May 20, 2004. A second birth certificate from Barrie was received at the reconvened hearing. In an oral decision, the immigration judge found that Barrie was not credible, and had failed to carry his burden of demonstrating his eligibility for asylum and that conditions had changed significantly in Sierra Leone. Barrie's petition for asylum, withholding of removal, and Convention Against Torture protection were denied, and the immigration judge ordered Barrie removed to Sierra Leone.

Barrie filed a timely appeal of the immigration judge's decision to the BIA on May 24, 2004. On August 12, 2005, the BIA affirmed the immigration judge's decision. No petition to review the

August 2005 BIA decision was filed. On July 26, 2007, Barrie filed a motion to reopen and also petitioned the BIA to reissue its decision of August 12, 2005, so that he could file a petition for review with this Court. He asserted in his motion that his former attorney failed to inform him of the BIA decision in time for him to file a timely petition for review. According to Barrie's affidavit, he learned of the BIA decision in October, 2005, when he called the BIA directly. On December 18, 2007, the BIA denied Barrie's motion, finding that Barrie's motion was untimely because it was filed more than ninety days after the prior decision and that equitable tolling was not warranted because Barrie had not exercised due diligence to file his motion once he learned of his attorney's error.

The BIA further found that Barrie had complied with the procedural requirements for a claim of ineffective assistance of counsel but had not established the necessary showing of prejudice as to his persecution and torture claims. The BIA also noted that Barrie did not challenge the prior finding that his identity document was counterfeit and offered no new evidence that was previously unavailable.

## II.

A petition for appellate court review of a final order of removal must be filed with the court of appeals not later than thirty days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). Barrie did not file a petition for review of the August 12, 2005 BIA decision. To the extent Barrie now seeks review of the August 2005 decision, we lack jurisdiction to review the merits of that decision because his petition for review was not timely filed. *Prekaj v. I.N.S.*, 384 F.3d 265, 268 (6th Cir. 2004). Barrie's petition for judicial review is timely only as to the BIA's December 18, 2007 denial of Barrie's motion to reopen the case. We therefore DISMISS Barrie's petition for review of the August 2005 decision and do not address his claims as to the merits of the August 2005 decision.

### III.

We review the denial of a motion to reopen under an abuse of discretion standard. *I.N.S. v. Abudu*, 485 U.S. 94, 107 (1988); *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 421 (6th Cir. 2007). An abuse of discretion occurs when the denial to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular group." *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). "[T]he abuse-of-discretion standard applies to motions to reopen regardless of the underlying basis of the alien's request [for relief]." *I.N.S. v Doherty*, 502 U.S. 314, 323 (1992).

### IV.

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). The ninety-day period for filing a motion to reopen is subject to narrow exceptions:

> (1) where the BIA reopens the proceedings *sua sponte*; (2) where the parties agree to reopen the proceedings; (3) changed circumstances in the country of nationality of which there is new, material evidence that could not have been discovered or presented at the time of the original proceeding; and (4) certain *in absentia* decisions.

*Qeraxhiu v. Gonzales*, 206 F. App'x. 476, 480 (6th Cir. 2006) (citing 8 C.F.R. §§ 1003.2(a), (c)(3)).

Here, Barrie does not dispute that his motion to reopen was filed after the ninety day period expired. He argues, however, that the BIA erred in its decision "that petitioner did not exercised [sic] due diligence in setting forth his ineffective assistance of counsel." Pet'r Br. 5-6. He further contends that "[t]he delay in question is only sixteen (16) months, not at all unreasonable under the

-4-

circumstances." *Id*. at 6. Although not explicitly stated by Barrie, we take this to be an argument that the BIA erred when it declined to equitably toll the ninety-day filing deadline for his motion to reopen.

The Sixth Circuit has applied the doctrine of equitable tolling to otherwise time-barred motions to reopen. *See Harchenko v. I.N.S.*, 379 F.3d 405, 409-10 (6th Cir. 2004). "Strictly defined, equitable tolling is the doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Tapia-Martinez*, 482 F.3d at 422 (quoting *Luntungan v. Attorney General*, 449 F.3d 551, 557 (3d Cir. 2006) (per curiam)) (internal quotation marks omitted).

"Equitable tolling may apply when a petitioner has received ineffective assistance of counsel." *Ljucovic v. Gonzales*, 144 F. App'x. 500, 503 (6th Cir. 2005) (citations omitted). In determining whether to apply equitable tolling to time-barred claims, we generally consider five factors that include: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008).

Here, the BIA found that Barrie had complied with the procedural requirements for a claim of ineffective assistance of counsel but had not shown that he acted with due diligence. We agree. Barrie acknowledges that he learned that his appeal had been dismissed when he contacted the BIA directly in October 2005; yet, Barrie did not raise an ineffective assistance of counsel claim at the time and delayed the filing of his motion to reopen for approximately twenty-one months.[1] "Due diligence

---

[1] The petitioner in his brief incorrectly states that the delay was only sixteen months.

requires an alien to prove that the delay in filing the motion to reopen was due to 'an exceptional circumstance beyond his control.'" *Tapia-Martinez,* 482 F.3d at 423 (citation omitted).

This Court has previously declined to apply equitabe tolling when a petitioner fails to exercise due diligence in pursuing his rights. *See Barry v. Mukasey*, 524 F.3d 721, 725 (6th Cir. 2008) (holding that petitioner had not exercised due diligence when she did not contact her attorney for one year after the BIA issued its order and, after contacting a different attorney, waited over three months to file her motion to reopen); *Tapia-Martinez,* 482 F.3d at 423 (finding that a fifteen-month delay between discovering counsel's deficient performance and filing a motion to reopen "cannot be considered due diligence"); *Ramirez v. Gonzales*, 247 F. App'x. 782, 785-86 (6th Cir. 2007) (petitioner "simply failed to act with due diligence" when he did nothing for two years after receiving notice of order of removal and failed to promptly file a motion to reopen after claiming ineffective assistance of counsel); *Hermiz v. I.N.S.*, 86 F. App'x. 44, 45 (6th Cir. 2003) (equitable tolling denied when petitioner did not make any inquiries regarding the status of his appeal for several years, and, after learning of the court's final decision to remove, he waited several months to file a motion to reopen); *Muhameti v. Gonzales*, 230 F. App'x. 551, 552-53 (6th Cir. 2007) (finding that BIA did not abuse its discretion in failing to apply equitable tolling to filing deadline or in denying motion where petitioners were not diligent and did not explain seven month gap before filing motion to reopen); *Weerasinghe v. Gonzales*, 210 F. App'x. 463, 468 (6th Cir. 2006) (equitable tolling denied when petitioner obtained new counsel and still waited approximately two years to file a motion to reopen). Barrie, despite his knowledge in October 2005 that the BIA had dismissed his appeal, offers no explanation for the delay of almost two years in contacting a different attorney and filing a motion to reopen. It cannot, therefore, be said that the BIA abused its discretion in declining to equitably toll

the time period for the filing of a motion to reopen.

The government also argues, as the BIA found, that Barrie has failed to show that his claims have been prejudiced in any way by the alleged ineffective assistance of counsel. This Court has declined to equitably toll filing periods based on ineffective assistance of counsel where a petitioner has failed to establish prejudice from his former counsel's ineffective assistance. *See Huicochea-Gomez v. I.N.S.*, 237 F.3d 696, 699 (6th Cir. 2001). Here, the BIA specifically found that Barrie's motion to reopen offered no evidence which was not available at the time of the removal hearings and presented no new evidence to establish his identity and, therefore, Barrie had failed to show he was prejudiced in any way. Because Barrie failed to establish due diligence, however, we need not address on appeal the issue of whether Barrie was prejudiced.

## V.    Conclusion

For the foregoing reasons, we DENY the petition for review as it relates to the BIA's decision denying Barrie's motion to reopen his removal proceedings, and we DISMISS the petition for lack of jurisdiction insofar as the petition requests review of the BIA decision of August 12, 2005.