09-1794-ag
Piciri v. Holder

BIA
DeFonzo, IJ
A 077 549 232

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:
             JOSEPH M. McLAUGHLIN,
             ROBERT A. KATZMANN,
             RICHARD C. WESLEY,
                   *Circuit Judges.*
_____

LULZIM PICIRI,
        *Petitioner,*

        v.                                    09-1794-ag
                                              NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Saul C. Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer L. Lightbody,
                       Senior Litigation Counsel; Laura
                       M.L. Maroldy, Trial Attorney, Office
                       of Immigration Litigation,
                       Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lulzim Piciri, a native and citizen of Albania, seeks review of the April 1, 2009, order of the BIA denying his motion to remand and affirming the June 27, 2007, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum and withholding of removal. *In re Lulzim Piciri*, No. A 077 549 232 (B.I.A. Apr. 1, 2009), *aff'g* No. A 077 549 232 (Immig. Ct. N.Y. City June 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Asylum and Withholding of Removal**

Substantial evidence supports the agency's adverse credibility determination. As a preliminary matter, Piciri

2

does not challenge the IJ's findings that: (1) although he testified that he was detained and threatened by authorities following a peaceful demonstration in September 1998, he did not mention the detention or demonstration in his asylum application; (2) despite repeated prompting by the court, he was unable to recall another September 1998 incident, described in his asylum application, during which he claimed he was detained and beaten; (3) his testimony that his home was invaded by police only once conflicted with a newspaper article he submitted indicating two such invasions; (4) his testimony that he was beaten in February 1999 at his home in front of his family conflicted with the newspaper article, which stated that the beating occurred in a police "cell." Accordingly, those findings stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

With respect to the findings Piciri does challenge, each was proper. The fact that the IJ initially questioned Piciri without his attorney present did not deprive him of a "full and fair opportunity to present his claims."[1] *See Li*

---

[1] The IJ went forward with Piciri's asylum hearing when his attorney failed to appear for a second time.

3

*Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006). The IJ provided him an opportunity to submit "any additional information" regarding his claims for relief, attempted to "protect" him from inappropriate questions, and invited him to "bring any further facts" to the IJ's attention. Furthermore, on remand, Piciri was represented by an attorney, and had the opportunity to rehabilitate his previous testimony and offer any additional testimony he deemed appropriate.

The IJ also did not err in relying on a U.S. State Department Consular Report to find that the "Association of Political Persecuted Persons" membership card Piciri submitted was fraudulent. We have previously identified a non-exhaustive set of guidelines establishing what type of information should appear in a consular report in order for it to be deemed reliable, including (1) the identity and qualifications of the investigator; (2) the objective and extent of the investigation; and (3) the methods used to verify the information discovered. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 271 (2d Cir. 2006). Each of these appeared in the consular report in this case. Furthermore, Piciri submitted no evidence to suggest that

4

the investigator disclosed information "sufficient to give rise to a reasonable inference" that he had applied for asylum. *Id.* at 264; *see also* 8 C.F.R. § 208.6.

Ultimately, substantial evidence supported the agency's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng*, 562 F.3d at 513. Therefore, the agency did not err in denying Piciri's application for asylum and withholding of removal because the only evidence that he would be persecuted depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. Motion to Remand**

The BIA also did not abuse its discretion in denying Piciri's motion to remand based on the allegedly ineffective assistance of two of his former attorneys. We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir. 2005). With respect to his claim against his first attorney, the BIA reasonably found that Piciri failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005). Specifically, Piciri failed to file an affidavit setting forth in detail

5

his agreement with counsel.  *See Matter of Lozada*, 19 I. & N. Dec. at 639.  With respect to Piciri's claim against his second attorney, the BIA reasonably found that he failed to establish the requisite prejudice.  *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994); *Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008).  Indeed, although counsel made several attempts to elicit testimony from Piciri regarding his past persecution and fear of future persecution, testimony that could have rehabilitated his earlier testimony, Piciri's answers were non-responsive.  Under these circumstances, we find no abuse of discretion in the BIA's refusal to remand the proceedings for a third merits hearing.  For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk