NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1314n.06

**No. 11-4113**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Dec 28, 2012*

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| HAITHAM-ALI ZEIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | PETITION FOR REVIEW |
| | ) | FROM THE BOARD |
| v. | ) | OF IMMIGRATION APPEALS |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: COOK and WHITE, Circuit Judges; SHARP, District Judge.*

SHARP, District Judge. Petitioner Haitham-Ali Zein, a native and citizen of Lebanon, seeks review of the Board of Immigration Appeals decision denying his motion to reopen removal proceedings. The petition for review is DENIED.

**I.**

Zein, along with two friends and two American women, entered the United States on November 17, 2000, at the San Ysidro, California port of entry. When asked whether he was a United States citizen, Zein allegedly answered in the affirmative. Zein claims, however, he never represented he was a United States citizen, and immediately produced his Lebanese passport upon

---

*The Honorable Kevin H. Sharp, United States District Judge for the Middle District of Tennessee, sitting by designation.

realizing he was at the United States border. In any event, Petitioner and his friends were detained.

On February 2, 2001, the Immigration Court in San Diego, California, issued a Notice to Appear, alleging Zein was subject to removal because he (1) was an alien who had falsely represented himself to be a United States citizen, and (2) did not have valid entry documents at the time of entry into the United States. His first hearing was scheduled in San Diego for May 1, 2001.

By this time, Zein had been released from custody and moved to Detroit, Michigan, to be closer to family and friends. While there, he hired attorney Yassar Farhat to represent him in the immigration proceedings. Zein asserts he was told by Mr. Farhat that the immigration proceedings could be moved to Detroit, Michigan, but only if Zein conceded the allegations in the Notice to Appear. Even though Zein allegedly told Mr. Farhat that the statement about him claiming to be a United States citizen was untrue, Mr. Farhat stated that it would have no effect on his asylum application.

On June 2, 2001, Zein admitted to the charges in the Notice to Appear, and his request to change venue to the Immigration Court in Detroit was granted. Zein filed an application for asylum and withholding of removal on October 16, 2001, and hired a new lawyer, Namir Daman.

In reviewing the file, Mr. Daman asked Zein about his entry into the United States. Zein allegedly told Mr. Daman that he made no claim to United States citizenship, and was confused as to why Mr. Farhat would admit to the untruth. Mr. Daman allegedly responded that, since Zein had already made the admission, nothing could be done about it and the focus should be on his asylum application.

On May 4, 2004, Zein appeared for a hearing and testified in support of his requested asylum and withholding of removal. Zein claimed he fled Lebanon after participating in anti-Syrian demonstrations in October 2000, and was fearful that Syrian intelligence officials would arrest or detain him for participating in the demonstrations.

In an oral opinion, the Immigration Judge found Zein's testimony "incredible," and ordered his removal to Lebanon. Zein appealed, but, in doing so, did not challenge the finding that he had falsely claimed to be a United States citizen. The Board of Immigration Appeals affirmed the removal decision on October 21, 2005.

More than five years later, Zein filed a motion to reopen his removal proceedings. This filing was made some two weeks after Zein filed a complaint against Mr. Daman with the Michigan Attorney Grievance Committee. No bar complaint was filed against Mr. Farhat.

Zein raised two grounds in his motion to reopen. First, he argued that reopening was proper because he had married a United States citizen. Second, he argued that reopening was warranted because he had been provided ineffective assistance of counsel by both Mr. Farhat and Mr. Daman.

Mr. Farhat was allegedly ineffective because he convinced Zein to concede he falsely told immigration officials he was a citizen in order to move the proceedings to Detroit. Mr. Daman was allegedly ineffective because he (1) told Zein the false claim to citizenship could not be rectified, (2) did not prepare Zein for his testimony on the citizenship issue, and (3) failed to rehabilitate Zein after his testimony about the false claim to citizenship.

On September 20, 2011, the BIA denied Zein's motion to reopen because it was untimely. In doing so, the BIA found Zein had not acted with diligence in pursuing his ineffective assistance of counsel claim, and also that, with respect to Mr. Farhat, Zein had not filed the procedural prerequisites mandated by *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The BIA also found no basis for granting an untimely request based upon Zein's marriage to a United States citizen.

Zein timely appeals the BIA's refusal to reopen his removal proceedings. He challenges only the denial of his motion to reopen based upon his ineffective assistance of counsel claim.[1]

## II.

"Motions for reopening of immigration proceedings are disfavored" because, "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992). Accordingly, the denial of a motion to reopen is reviewed for an abuse of discretion, a standard requiring us to "'decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (alterations in original) (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)).

## III.

---

[1] Zein has filed a Form I-485 Application to Register Permanent Residence or Adjust Status, and his wife has filed an I-130 Petition for Alien Relative, both of which remain pending before the United States Citizenship and Immigration Services.

A motion to reopen removal proceedings must "be filed within 90 days of the entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(I). Zein's motion, filed more than five years after the time limit, was unquestionably untimely, and he admits as much. Zein argues, however, he is entitled to equitable tolling due to the alleged ineffectiveness of counsel.

"Where an alien seeks to reopen a time-barred motion, the doctrine of equitable tolling may be applied to permit reopening when the alien demonstrates that she received ineffective assistance of counsel and was prejudiced thereby." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). Among the factors to be considered in determining whether to apply equitable tolling to a time-barred claim is petitioner's due diligence in pursuing his rights. *Id.* "Due diligence requires an alien to prove that the delay in filing the motion to reopen was due to 'an exceptional circumstance beyond his control.'" *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 423 (6th Cir. 2007) (quoting Scorteanu v. INS, 339 F.3d 407, 414 (6th Cir. 2003)).

Zein has wholly failed to show that he exercised due diligence in asserting his ineffective assistance of counsel claim. As the BIA pointed out, Zein knew, or should have known at the time of the Immigration Judge's decision, that he had been found removable on a charge of a false claim to United States citizenship. This is particularly true since the IJ stated in his oral ruling that Zein admitted telling immigration officers that he was American citizen. Any doubts about the correctness of Mr. Farhat's alleged advice that a false claim to citizenship would not affect Zein's asylum application was effectively laid to rest when the BIA affirmed the removal order. Still, Zein did nothing to rectify the situation for more than five years. See *Bimbona v. Mukasey*, 314 Fed. Appx. 834, 837 (6th Cir. 2009) (collecting cases for the proposition that a "delay between being

alerted to ineffective assistance of counsel and filing a motion to reopen reflects a lack of due diligence when that delay spans two years, . . . fifteen months, . . . or even eleven months").

Moreover, and as the BIA also pointed out, Zein did not comply with *Matter of Lozada* in relation to the alleged ineffective assistance of Mr. Farhat. Compliance with that administrative decision is a prerequisite to "a successful motion to reopen due to ineffective assistance of counsel before the BIA," and requires "(1) that the motion be supported by an affidavit detailing counsel's failings, (2) that counsel be informed of the allegations, and (3) that the motion show that disciplinary charges have been filed with the appropriate authority." *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). Further, because "[s]ound policy reasons support compliance with the Lozada requirements," a "failure to comply results in a forfeiture of [petitioner's] ineffective-assistance-of-counsel claim." *Hamid v. Ashcroft*, 336 F.3d 465, 469 (6th Cir. 2003).

In this appeal, Zein does not assert that he complied with the Lozada requirements with respect to Mr. Farhat, nor does he explain why he did not. Instead he focuses almost exclusively on Mr. Daman, claiming that his "ineffective representation alone resulted in extreme prejudice," and argues, without citation to authority, that he was "not required to prove that Mr. Farhat's counsel [sic] was also ineffective." (Zein Br. at 13). However, if as Zein claims, Mr. Farhat instructed him to concede making a false statement in order to have venue changed to Detroit, and if, as Zein claims, Mr. Daman told him that he was stuck with the untruth once it was told, then Mr. Farhat is a critical and necessary component to the ineffective assistance of counsel claim. Zein has not complied with *Lozada* as to Mr. Farhat, and his ineffective assistance of counsel claim is forfeited. See *Piciri v. Holder*, 370 F. Appx 186, 188 (2nd Cir. 2010) (BIA did not abuse discretion in denying motion to remand based on the alleged ineffectiveness of counsel where, with respect to claim

against first attorney, petitioner did not comply with <u>Lozada</u> requirements); *Rukiqi v. Attorney General*, 246 F. Appx 119, 123 n.3 (3rd Cir. 2007) (even if petitioner "met the <u>Lozada</u> requirements with respect to [one attorney], he also had an obligation to meet them with respect to those additional attorneys who actively represented him before the BIA").

Finally, Zein failed to act with due diligence on his ineffective assistance of counsel claim after retaining new counsel in his bid to remain in the country as of result of his marrying a United States citizen. While it is true that the BIA did not identify this as a specific reason for denying the motion to reopen, and while this court's review is generally limited to the rationale given by the BIA as Zein asserts,[2] the BIA did, in fact, find that Zein failed to exercise due diligence under the circumstances. In doing so, the BIA cited *Barry v. Mukasey*, 524 F.3d 721 (6th Cir. 2008) where, among things, this court held that petitioner's claim of diligence was undercut when she waited more than three months to file her motion to reopen after contacting new counsel. *Id*. at 725.

The administrative record reflects that Zein's I-130 visa petition and I-485 application for adjustment of status were submitted by present counsel to the USCIS on August 6, 2010, yet his motion to reopen was filed more than nine months later. This, too, suggests a lack of due diligence, particularly since the general time frame for filing a motion to reopen is only ninety days. See *id*.; *Ramirez v. Gonzales*, 247 Fed.Appx. 782, 785-86 (6th Cir. 2007) (petitioner "simply failed to act

---

[2] Relatedly, Zein argues that "arguments of counsel in a brief are not evidence for [the] court of appeals to consider." (Zein Reply Br. at 6). While this is true as a general proposition, "'it may be appropriate to consider a new issue on appeal if it is presented with sufficient clarity and completeness,'" and "[w]e 'most commonly exercise [our] discretion to reach issues not raised below' when 'the issue is one of law, and further development of the record is unnecessary.'" *Lockhart v. Napolitano*, 573 F.3d 251, 261 (6th Cir. 2009) (bracket in original, citation omitted). Here, no development of the administrative record is necessary to find that Zein waited months before filing his motion to reopen after retaining new counsel.

with due diligence" when he did nothing for two years after receiving notice of order of removal, and, upon finally retaining new counsel to deal with his order of removal, waited nearly six months to file his motion to reopen); *Muhameti v. Gonzales*, 230 F. Appx 551, 552-53 (6th Cir. 2007) (not abuse of discretion to deny equitable tolling where petitioners waited seven months after resolution of bar complaint against prior counsel to file motion to reopen and that delay was unexplained).

## IV.

Finding no abuse of discretion in the BIA's refusal to reopen Zein's removal proceedings, his Petition for Review is DENIED.